**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-2079

VALERIE SIMMONS TRIPP,

             Plaintiff - Appellant,

      v.

COUNTY OF GATES,

             Defendant - Appellee,

      and

NATALIE MENIUS-ROUNTREE; SANDRA PITTMAN,

             Defendants.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (2:16-cv-00023-FL)

Submitted: July 26, 2018                    Decided: July 30, 2018

Before GREGORY, Chief Judge, FLOYD, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Dismissed and remanded by unpublished per curiam opinion.

Sean P. Cecil, M. Travis Payne, EDELSTEIN & PAYNE, Raleigh, North Carolina, for Appellant. Mary Craven Adams, H. Stephen Robinson, WOMBLE BOND DICKINSON (US) LLP, Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Valerie Simmons Tripp seeks to appeal the district court's order dismissing without prejudice her complaint bringing claims for discrimination, retaliation, and breach of a settlement agreement. We dismiss the appeal as interlocutory and remand for further proceedings.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b), *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). Because the order that Tripp seeks to appeal "[does] not clearly preclude amendment," *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 630 (4th Cir. 2015), Tripp may be able to remedy the deficiencies identified by the district court by filing an amended complaint, *id.* at 623-24. Accordingly, the district court's dismissal order is neither a final order nor an appealable interlocutory or collateral order. *See id.*; *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993).

We therefore dismiss this appeal for lack of jurisdiction. *Goode*, 807 F.3d at 630. In *Goode*, we remanded to the district court with instructions to allow amendment of the complaint. *Id.* Here, however, the district court already has afforded Tripp the opportunity to amend. Accordingly, we direct on remand that the district court, in its discretion, either afford Tripp another opportunity to file an amended complaint or dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*